UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------
                                            :
JENNIFER KING,                              :   CASE NO. 1:18CV02661
                                            :
    Plaintiff,                             :
                                            :
vs.                                         :   OPINION & ORDER
                                            :   [Resolving Doc. 1, 2]
                                            :
CHARIS PARR,                                :
                                            :
    Defendant.                              :
                                            :
------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Jennifer King brings this action against Defendant Charis Parr.[1] She describes her cause of action as fraud, brought pursuant to "§ 2305.09(c)" and "§ 2305.10(c)."[2] In her brief complaint, Plaintiff alleges that Defendant has filed her income taxes since the 2010 tax year and, over the years, has stolen $19,000.00 of Plaintiff's tax money.[3]

The Court is required to dismiss an *in forma pauperis* action such as this case under 28 U.S.C. § 1915(e) if the Court does not have jurisdiction over the action.

As a threshold matter, federal courts are courts of limited jurisdiction and the Plaintiff shoulders the burden to establish that this Court has authority to hear her case.[4] Federal courts have subject-matter jurisdiction over civil actions "arising under the

---

[1] Doc. 1.

[2] *Id.*; Doc. 1-5.

[3] Doc. 1.

[4] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (collecting cases).

Case No. 1:18CV02661
Gwin, J.

Constitution, laws, or treaties of the United States,"[5] and over cases where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.[6]

Plaintiff's complaint does not articulate a cognizable federal question, nor is a federal question discernable on the face of the pleading. Therefore, the Court lacks federal question jurisdiction pursuant to 28 U.S.C. § 1331.

It appears that Plaintiff is attempting to bring her lawsuit pursuant to state statutes Ohio Rev. Code § 2305.09 and § 2305.10.[7] Plaintiff seeks the return of $19,000.00 that Defendant allegedly stole from her.[8] The complaint lists Ohio addresses for both Plaintiff and Defendant. But even if there were diversity of citizenship, the damages Plaintiff seeks does not satisfy the amount in controversy required to establish diversity jurisdiction. Therefore, the Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Even liberally construed, Plaintiff's state-law complaint does not invoke federal subject matter jurisdiction and without subject matter jurisdiction, the Court lacks authority over this matter.[9] Accordingly, this action is dismissed for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(e).

---

[5] 28 U.S.C. § 1331.

[6] 28 U.S.C. § 1332.

[7] *See* Doc. 1; Doc. 1-5.

[8] Doc. 1.

[9] *Carlock v. Williams*, 182 F.3d 916 (Table) (6th Cir. 1999) (when the face of the complaint provides no basis for federal jurisdiction, the action may be dismissed as frivolous and for lack of subject matter jurisdiction) (citing *Michigan Sav. and Loan League v. Francis*, 683 F.2d 957, 960 (6th Cir. 1982)); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (holding that a district court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Pl 12(b)(1) when the allegations of the complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.") (citation omitted).

Case No. 1:18CV02661
Gwin, J.

Plaintiff's application to proceed *in forma pauperis* is granted.[10]

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: June 19, 2019         *s/     James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[10] Doc. 2.